849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. DRUDGE, the Independent Personal Representative
of the estate of Elizabeth A. Drudge, deceased,
Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1643.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BENJAMIN F. GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Charles Drudge, as representative of the estate of Elizabeth Drudge, appeals the district court's affirmance of the Secretary's denial of Drudge's application for disability insurance benefits. We affirm.
 
 
 2
 Elizabeth Drudge, appellant's decedent, was born June 8, 1926, and was fifty-five years old when she applied for disability benefits on September 28, 1981. She claimed onset of disability on June 10, 1967, her last date of employment as a nurse's aide.[1] At a March 29, 1985, hearing before an Administrative Law Judge (ALJ), Drudge was found not disabled. The Appeals Council affirmed on June 14, 1985. On appeal to the federal district court, the case was remanded for consideration under the new Mental Impairment Regulations.
 
 
 3
 On remand, the ALJ found that Drudge did not suffer from a severe mental impairment. The Appeals Council found, contrary to the ALJ, that Drudge did suffer from a severe mental impairment, but that she was able to perform low-stress, unskilled work and, therefore, was not disabled. The Appeals Council also found that Drudge's disability insured status expired on September 30, 1971.
 
 
 4
 The district court, adopting the findings and recommendations of the magistrate to whom the case had been assigned, found the decision of the Appeals Council was supported by substantial evidence.
 
 
 5
 The evidence presented by Drudge for the relevant time period, which was before September 30, 1971, showed that she was hospitalized three times between June 1967 and June 1970. Although chest pain was noted upon each admission, EKG, x-ray, and GI tests were negative. A history of Meniere's disease, which had been effectively treated with medication, was noted. Anxiety and depression were also diagnosed, which were managed by medication. Drudge also underwent a heart catherization in November of 1970, the results of which were normal.
 
 
 6
 Appellant now alleges that there was no substantial evidence to support the decision of the Secretary to deny benefits. This court must affirm the decision of the Secretary if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986). Where the Appeals Council's decision differs from that of the ALJ, it is the decision of the Appeals Council which is subject to the substantial evidence standard upon review by this court. Mullen, 800 F.2d at 545.
 
 
 7
 Appellant argues that the Appeals Council's findings that Drudge was able to perform low-stress, unskilled work was not supported by substantial evidence. Although, at a previous hearing before an ALJ, a vocational expert testified Drudge was unable to work because of Meniere's disease, that testimony is contradicted by the hospital reports which state that the disease was controlled with medication. At a subsequent hearing before the ALJ, another vocational expert testified that Drudge could not work only if all her complaints were true. Medical evidence, however, does not support Drudge's claims. Tests regarding any potential heart condition were negative except for some hardening of the arteries. The hospital report states that the Meniere's disease was controlled through medication. Although anxiety and depression were diagnosed, medication improved Drudge's condition according to the reports. Drudge testified that she was limited in her physical activity, however, all hospital records indicate that she was able to function with medication. Although she testified to a wide-range of limiting physical factors, the medical reports do not substantiate such claims.
 
 
 8
 Although one vocational expert testified that Drudge was unable to work, the medical reports suggest that she was able to do light work when on a regimen of proper medication. Therefore, the finding that Drudge was able to perform low-stress, unskilled work is supported by substantial evidence.
 
 
 9
 Appellant also argues that the Appeals Council failed to consider Drudge's combination of impairments as a whole. However, a review of the Appeals Council's decision reveals that the Council specifically considered Drudge's physical and mental impairments as a whole.
 
 
 10
 Counsel also contends that the Administrative Law Judge did not consider the combination of physical and mental impairments in finding that claimant has no severe impairment. Although the finding of "no severe impairment" is not appropriate, as discussed elsewhere in this decision, it is clear that the combination of both physical and mental conditions was considered by the Administrative Law Judge and has now been given full consideration by the Appeals Council.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 Thus, the claimant's combination of physical and mental impairments would not have precluded her from performing low-stress, unskilled, light, and sedentary jobs. As noted above, a vocational expert testified that a significant number of such jobs are in existence in the local and national economy.
 
 
 14
 September 29, 1986, Decision of Appeals Council, pp. 1-2.
 
 
 15
 The remaining arguments raised by Drudge are meritless and need not be addressed.
 
 
 16
 For the reasons stated above, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 The instant application for disability insurance benefits is Drudge's fourth application. Due to procedural errors with her previous applications, the district court determined that Drudge's due process rights had been violated. Her present application was then remanded for a hearing on the merits